IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NICHOLES B. NAPIER,

      Plaintiff,                                               No. CIV S-07-2117 DAD

    v.

MICHAEL J. ASTRUE,                                  ORDER
Commissioner of Social Security,

      Defendant.
_____/

        This matter is before the court on plaintiff's fully briefed motions for attorney fees pursuant to the Equal Access to Justice Act (EAJA) and 42 U.S.C. § 406(b).

        Plaintiff brought this action seeking judicial review of a final administrative decision denying his application for disability benefits under Title II of the Social Security Act. On July 13, 2009, following the filing of a motion for summary judgment by plaintiff and a cross-motion for summary judgment by defendant, the court granted plaintiff's motion, denied defendant's cross-motion, reversed the decision of the Commissioner and remanded the action for the payment of benefits.

        The court's decision was based upon the conclusion that the Administrative Law Judge (ALJ) had failed to properly credit the opinion of plaintiff's treating physician, failed to properly credit the opinion of an examining psychologist, improperly evaluated plaintiff's

1

testimony concerning his symptoms and failed to pose a legally adequate hypothetical question to the vocational expert who testified at the administrative hearing.  The court also found that no useful purpose would be served by further administrative proceedings and that the vocational expert's testimony at the hearing in response to a properly modified hypothetical question established that plaintiff was unable to perform a significant number of jobs available in the national economy.  Judgment was accordingly entered for plaintiff on July 14, 2009.[1]

Plaintiff seeks a fee award pursuant to the EAJA of $5,538.27 for 32.15 hours of attorney time expended in connection with this action.  The amount sought is comprised of 2.95 hours of attorney time expended in 2007, at the rate of $166.46 per hour, for 26.2 hours of attorney time expended in 2008, at the rate of $172.85 per hour, and for 3 hours of attorney time expended in 2009, also at the rate of $172.85 per hour.  Defendant has not filed a response to plaintiff's motion for attorney fees pursuant to the EAJA.

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  See also Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002).  A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]"  28 U.S.C. § 2412(d)(2)(B) (i).  The term "fees and other expenses" includes "reasonable attorney fees."  28 U.S.C. § 2412(d)(2)(A).  "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case."  Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

---

[1] The undersigned apologizes to the parties, and in particular to plaintiff's counsel, for the delay in the issuance of this order.  The court will be taking steps to ensure that such delay does not occur in the future.

A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA. Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993) ("No holding of this Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff."). "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." Gutierrez v. Barnhart, 274 F.3d 1255, 1257 (9th Cir. 2001).

Here, the court finds that plaintiff is the prevailing party. Moreover, the court finds that plaintiff did not unduly delay this litigation, and that his net worth did not exceed two million dollars when this action was filed. The court also finds that the position of the Commissioner was not substantially justified. See Corbin v. Apfel, 149 F.3d 1051, 1053 (9th Cir. 1998) ("While the government's defense on appeal of an ALJ's procedural error does not automatically require a finding that the government's position was not substantially justified, the defense of basic and fundamental errors such as the ones in the present case is difficult to justify."); Sampson v. Chater, 103 F.3d 918, 921-22 (9th Cir. 1996) (finding no substantial justification where the Commissioner "did not prove that her position had a reasonable basis in either fact or law" and "completely disregarded substantial evidence" of the onset of disability).

The EAJA expressly provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)A). Under the EAJA, hourly rates for attorney fees have been capped at $125.00 since 1996, but district courts are permitted to adjust the rate to compensate for an increase in the cost of living.[2] See 28 U.S.C. § 2412(d)(2)(A); Sorenson v. Mink, 239 F.3d 1140, 1147-49 (9th Cir. 2001); Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998). Determining a reasonable fee "'requires more inquiry by a district court than finding the product of reasonable

---

[2] In accordance with Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6, the Ninth Circuit Court of Appeals maintains a list of the statutory maximum hourly rates authorized by the EAJA, as adjusted annually. The rates may be found on the Court's website. See http://www.ca9.uscourts.gov.

1  hours times a reasonable rate.'" 154 F.3d at 988 (quoting Hensley v. Eckerhart, 461 U.S. 424,
2  434 (1983) (internal citations omitted)).  The district court must consider "'the relationship
3  between the amount of the fee awarded and the results obtained.'"  Id. at 989 (quoting Hensley,
4  461 U.S. at 437).

5  Here, plaintiff's attorney obtained an award of benefits for plaintiff despite
6  defendant's cross-motion for summary judgment.  Having reviewed the itemization of attorney
7  hours spent, the court finds that the claimed 32.15 hours of attorney time is reasonable in this
8  case and that the number of hours claimed by plaintiff's counsel is comparable to the amount of
9  time devoted to similar tasks by counsel in other social security appeals coming before this court.

10  Plaintiff's requested rate for the 3 hours of attorney time expended in 2009
11  however exceeds the maximum hourly rates provided under the EAJA, as adjusted for
12  inflation/cost-of-living increases by the Ninth Circuit.  As noted above, in accordance with
13  Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005) and Ninth Circuit Rule 39-1.6, the
14  Ninth Circuit Court of Appeals maintains a list of the statutory maximum hourly rates authorized
15  by the EAJA, as adjusted annually.  See footnote 1, above.  In 2009, that maximum permissible
16  rate was $172.24 per hour.  Accordingly, plaintiff will be awarded $491.06 for the 2.95 attorney
17  hours expended during 2007 (2.95 hours at a rate of $166.46 per hour), $4,528.67 for the 26.2
18  attorney hours expended during 2008 (26.2 hours at a rate of $172.85 per hour) and $516.72 for
19  the 3 attorney hours expended during 2009 (3 hours at a rate of $172.24 per hour), for a total fee
20  award of $5,536.45.

21  Plaintiff's motion includes a request that any EAJA fees awarded be paid directly
22  to plaintiff's attorney.  However, subsequent to the filing of plaintiff's motion, the United States
23  Supreme Court ruled that an attorney fee award under the EAJA is payable to the litigant and is
24  therefore subject to a government offset to satisfy any pre-existing debt owed to the United States
25  by the claimant.  Astrue v. Ratliff, ___ U.S. ___, ___, 130 S. Ct. 2521, 2526-27, 2529 (2010).
26  /////

Subsequent to the decision in Ratliff, some courts have ordered payment of the award of EAJA fees directly to plaintiff's counsel pursuant to plaintiff's assignment of EAJA fees, provided that the plaintiff has no debt that requires offset. See Blackwell v. Astrue, No. CIV 08-1454 EFB, 2011 WL 1077765, at *5 (E.D. Cal. Mar. 21, 2011); Dorrell v. Astrue, No. CIV 09-0112 EFB, 2011 WL 976484, at *2-3 (E.D. Cal. Mar. 17, 2011); Calderon v. Astrue, No. 1:08-cv-01015 GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 22, 2010); Castaneda v. Astrue, No. EDCV 09-1850-OP, 2010 WL 2850778, at *3 (C.D. Cal. July 20, 2010). Similarly, in recently submitted stipulations and proposed orders for the award of attorney fees under the EAJA, the parties have stipulated that, if plaintiff does not owe a federal debt, the government will consider the plaintiff's assignment of EAJA fees and expenses to plaintiff's attorney and shall honor the assignment by making the fees and expenses payable directly to counsel. The court will incorporate such a provision in this order.

Counsel for plaintiff has also filed a motion for an award of attorney fees pursuant to 42 U.S.C. § 406(b). Plaintiff and his counsel at the outset entered into a 25 % contingent-fee agreement. Exhibit to Motion for § 406(b) Attorney Fees (Doc. No. 25-1) at 1. Plaintiff's counsel now seeks attorney fees pursuant to § 406(b) in the amount of $15,980.75, which represents 25 % of the retroactive disability benefits received by plaintiff on remand. According to plaintiff's counsel, plaintiff has been provided a copy of his counsel's pending motion for attorney's fees. Brewer Decl. (Doc. No. 25-2) at 2. The court docket reflects that plaintiff has filed no objection to his attorney's fee request. Defendant has also not filed a response to plaintiff's motion for attorney fees pursuant to § 406(b).

Attorneys are entitled to fees for cases in which they have successfully represented social security claimants.

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled

> by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." Crawford v. Astrue, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 802 (2002)). Although a attorney fee award pursuant to 42 U.S.C. § 406(b) is not paid by the government, the Commissioner has standing to challenge the award. Craig v. Sec'y Dep't of Health & Human Servs., 864 F.2d 324, 328 (4th Cir. 1989). The goal of fee awards under § 406(b) is to provide adequate incentive to attorneys for representing claimants while ensuring that the usually meager disability benefits received are not greatly depleted. Cotter v. Bowen, 879 F.2d 359, 365 (8th Cir. 1989).

The 25% statutory maximum fee is not an automatic entitlement, and the court must ensure that the fee actually requested is reasonable. Gisbrecht, 535 U.S. at 808-09 ("[Section] 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807. "[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" Crawford, 586 F.3d at 1149 (quoting Gisbrecht, 535 U.S. at 793 & 808). The Supreme Court has identified five factors that may be considered in determining whether a fee award under a contingent-fee arrangement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the

amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for noncontingent cases. Crawford, 586 F.3d at 1151-52 (citing Gisbrecht, 535 U.S. at 808). Below the court will consider these factors in assessing whether the fee requested by counsel pursuant to 42 U.S.C. § 406(b) is reasonable.

Here, there is no indication that a reduction of fees is warranted due to any substandard performance by counsel. Rather, counsel is an experienced attorney who secured a successful result for plaintiff. There is also no evidence that plaintiff's counsel engaged in any dilatory conduct resulting in excessive delay. The court finds that the $15,980.75 fee, which represents 25 % of the past-due benefits paid to plaintiff, is not excessive in relation to the past-due award. See Motion for § 406(b) Attorney Fees (Doc. No. 25) at 3. In making this determination, the court recognizes the contingent fee nature of this case and counsel's assumption of the risk of going uncompensated in agreeing to represent plaintiff on such terms. See Hearn v. Barnhart, 262 F. Supp.2d 1033, 1037 (N.D. Cal. 2003). Finally, counsel has submitted a detailed billing statement establishing the number of hours counsel expended on this matter.[3]

Accordingly, for the reasons stated above, the court concludes that the fees sought by counsel pursuant to § 406(b) are reasonable. See generally Taylor v. Astrue, No. 1:06-cv-00957-SMS, 2011 WL 836740, at *2 (E.D. Cal. Mar. 4, 2011) (granting petition pursuant to 406(b) for $20,960 in attorneys' fees); Jamieson v. Astrue, No. 1:09cv0490 LJO DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (recommending award of $34,500 in attorney fees pursuant to 406(b)); Logan-Laracuente v. Astrue, No. 1:07-cv-00983-SMS, 2010 WL 4689519, at *2 (E.D. Cal. Nov. 10, 2010) (granting petition pursuant to 406(b) for $23,558.62 in net attorneys' fees).

---

[3] Counsel's billing statement was submitted in support of the motion for attorney fees under the EAJA. See Doc. No. 24-2. The court would also note that a fee award of $15,980.75 for 32.15 hours of attorney time reflects an effective hourly rate of $497.06 per hour. That is a reasonable hourly rate for the services rendered by counsel here.

An award of § 406(b) fees is however offset by any prior award of attorney's fees granted under the Equal Access to Justice Act (EAJA).  28 U.S.C. § 2412; <u>Gisbrecht</u>, 535 U.S. at 796.  By this order, plaintiff's counsel is being awarded $5,536.45 in EAJA fees and the fee award under § 406(b) must be offset by that amount.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorney fees under the Equal Access to Justice Act (Doc. No. 24) is granted;

2. Plaintiff is awarded $5,536.45. for attorney fees under 28 U.S.C. § 2412(d);

3. Defendant shall determine whether plaintiff's EAJA attorneys fees are subject to any offset permitted under the United States Department of the Treasury's Offset Program and, if the fees are not subject to an offset, shall honor plaintiff's assignment of EAJA fees and shall cause the payment of fees to be made directly to plaintiff's counsel pursuant to the assignment executed by plaintiff;

4. Plaintiff's motion for attorney fees under 42 U.S.C. § 406(b) (Doc. No. 25) is granted;

5. Counsel for plaintiff is awarded $15,980.75 in attorney fees under § 406(b). The Commissioner is directed to pay the fee forthwith and remit to plaintiff the remainder of his withheld benefits; and

6. Upon receipt of the $15,980.75 in attorney fees pursuant to § 406(b), counsel shall reimburse plaintiff in the amount of $5,536.45 paid by the government under the EAJA.

DATED: November 3, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1/orders.socsec/napier2117.attyfees.eaja.406(b)